# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>LEE ZELDIN, Administrator, U.S. )<br>ENVIRONMENTAL PROTECTION )<br>AGENCY, and U.S. )<br>ENVIRONMENTAL PROTECTION )<br>AGENCY, )<br>)<br>*Respondents*. ) | No. 25-1101 |

## PETITION FOR REVIEW

Pursuant to Clean Air Act § 307(b)(1), 42 U.S.C. § 7607(b)(1), Rule 15 of the Federal Rules of Appellate Procedure, and Circuit Rule 15, Environmental Defense Fund hereby petitions the Court for review of the final action of Respondents Lee Zeldin, Administrator, United States Environmental Protection Agency, and United States Environmental Protection Agency, entitled "Extending the Reporting Deadline Under the Greenhouse Gas Reporting Rule for 2024 Data," and published in the Federal Register at 90 Fed. Reg. 13085 (Mar. 20, 2025) (attached).

| | |
|---|---|
| DATED: Mar. 21, 2025 | Respectfully submitted, |
| | */s/ Edwin LaMair* |
| Sean H. Donahue<br>Donahue, Goldberg, & Herzog LLP<br>1008 Pennsylvania Ave. SE<br>Washington, DC 20003<br>sean@donahuegoldberg.com | Edwin LaMair<br>Rosalie Winn<br>Grace Smith<br>Peter Zalzal<br>Vickie Patton<br>Environmental Defense Fund<br>2060 Broadway, Ste. 300<br>Boulder, CO 80302<br>(303) 447-7214<br>elamair@edf.org<br>rwinn@edf.org<br>gsmith@edf.org<br>pzalzal@edf.org<br>vpatton@edf.org<br><br>*Counsel for Environmental Defense Fund* |

# RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure and D.C. Circuit Rule 26.1, Petitioner states that it is a non-profit environmental and public health organization. Petitioner does not have any parent corporation or any publicly held corporation that owns 10% or more of its stock.

DATED: Mar. 21, 2025

Respectfully submitted,

*/s/ Edwin LaMair*

Sean H. Donahue
Donahue, Goldberg, & Herzog LLP
1008 Pennsylvania Ave. SE
Washington, DC 20003
sean@donahuegoldberg.com

Edwin LaMair
Rosalie Winn
Grace Smith
Peter Zalzal
Vickie Patton
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
elamair@edf.org
rwinn@edf.org
gsmith@edf.org
pzalzal@edf.org
vpatton@edf.org

*Counsel for Environmental Defense Fund*

# CERTIFICATE OF SERVICE

I hereby certify that this 21st day of March, 2025, the foregoing Petition for Review and Rule 26.1 Disclosure Statement were served on Respondents by sending a copy via certified mail to each of the following addresses:

Lee M. Zeldin, Administrator
Office of the Administrator (1101A)
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Pamela Bondi
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Correspondence Control Unit
Office of General Counsel (2310A)
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

/s/ Edwin LaMair
Edwin LaMair



final rule, we are withdrawing the direct final rule.

The EPA published a parallel proposed rule (90 FR 4707, January 16, 2025) on the same day as the direct final rule. The proposed rule invited comment on the substance of the direct final rule. Notwithstanding this action to withdraw the direct final rule, the EPA will continue to accept comment on the parallel proposed rule through March 17, 2025, which is the deadline to submit comments. The EPA will respond to comments as part of any final action it takes on the parallel proposed rule.

## List of Subjects

### 40 CFR Part 9

Environmental protection, Reporting and recordkeeping requirements.

### 40 CFR Part 257

Environmental protection, Beneficial use, Coal combustion products, Coal combustion residuals, Coal combustion waste, Disposal, Hazardous waste, Landfill, Surface impoundment.

■ Accordingly, as of March 20, 2025, the EPA withdraws the direct final rule amending 40 CFR parts 9 and 257, which published at 90 FR 4635, on January 16, 2025.

**Barry N. Breen,**
*Principal Deputy Assistant Administrator, Office of Land and Emergency Management.*
[FR Doc. 2025–04800 Filed 3–19–25; 8:45 am]
**BILLING CODE 6560–50–P**

---

## ENVIRONMENTAL PROTECTION AGENCY

### 40 CFR Part 98

[EPA–HQ–OAR–2025–0096; FRL–12676–01–OAR]

**RIN 2060–AW50**

### Extending the Reporting Deadline Under the Greenhouse Gas Reporting Rule for 2024 Data

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** The EPA is promulgating this final rule to extend the reporting deadline under the Greenhouse Gas Reporting Rule for reporting year 2024 data from March 31, 2025, to May 30, 2025. This rule only changes the reporting deadline for annual greenhouse gas (GHG) reports for reporting year 2024. This rule does not change the reporting deadline for future years, and it does not change the requirements for what regulated entities must report.

**DATES:** This rule is effective March 20, 2025.

**ADDRESSES:** The EPA has established a docket for this action under Docket Id. No. EPA–HQ–OAR–2025–0096. All documents in the docket are listed in the *www.regulations.gov* index. Although listed in the index, some information is not publicly available, *e.g.,* confidential business information (CBI) or other information whose disclosure is restricted by statute. Certain other material, such as copyrighted material, is not placed on the internet and will be publicly available only in hard copy. Publicly available docket materials are available either electronically in *www.regulations.gov* or in hard copy at the EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Ave. NW, Washington, DC. This Docket Facility is open from 8:30 a.m. to 4:30 p.m., Monday through Friday, excluding legal holidays. The telephone number for the Public Reading Room is (202) 566–1744 and the telephone number for the Air Docket is (202) 566–1742.

**FOR FURTHER INFORMATION CONTACT:** Jennifer Bohman, Climate Change Division, Office of Atmospheric Protection (MC–6207A), Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460; telephone number: (202) 343–9548; email address: *GHGReporting@epa.gov.*

Preamble acronyms and abbreviations. Throughout this document the use of "we" or "our" is intended to refer to the EPA. We use multiple acronyms and terms in this preamble. While this list may not be exhaustive, to ease the reading of this preamble and for reference purposes, the EPA defines the following terms and acronyms here:

APA    Administrative Procedure Act
CAA    Clean Air Act
CBI    confidential business information
CFR    Code of Federal Regulations
CRA    Congressional Review Act
e-GGRT    electronic Greenhouse Gas Reporting Tool
EPA    Environmental Protection Agency
FR    Federal Register
GHG    greenhouse gas
GHGRP    Greenhouse Gas Reporting Program
NAICS    North American Industry Classification System
NTTAA    National Technology Transfer and Advancement Act
OMB    Office of Management and Budget
PRA    Paperwork Reduction Act
PBI    proprietary business information
RFA    Regulatory Flexibility Act
RY    reporting year
UMRA    Unfunded Mandates Reform Act of 1995
U.S.    United States of America
U.S.C.    United States Code

*Organization of this document.* The information in this document is organized as follows:

**Table of Contents**

I. General
   A. Potentially Affected Entities
   B. Statutory Authority
II. Regulatory Revisions
III. Rulemaking Procedures and Findings of Good Cause
IV. Statutory and Executive Order Reviews
   A. Executive Order 12866: Regulatory Planning and Review and Executive Order 13563: Improving Regulation and Regulatory Review
   B. Executive Order 14192: Unleashing Prosperity Through Deregulation
   C. Paperwork Reduction Act (PRA)
   D. Regulatory Flexibility Act (RFA)
   E. Unfunded Mandates Reform Act (UMRA)
   F. Executive Order 13132: Federalism
   G. Executive Order 13175: Consultation and Coordination With Indian Tribal Governments
   H. Executive Order 13045: Protection of Children From Environmental Health Risks and Safety Risks
   I. Executive Order 13211: Actions That Significantly Affect Energy Supply, Distribution, or Use
   J. National Technology Transfer and Advancement Act (NTTAA)
   K. Congressional Review Act (CRA)
   L. Judicial Review

**SUPPLEMENTARY INFORMATION:**

## I. General

### A. Potentially Affected Entities

This action amends existing regulations. Entities affected by this action are owners or operators of facilities that are direct emitters or suppliers of greenhouse gases (GHGs) or that sequester carbon dioxide ($CO_2$) gas underground. These entities are required to report certain activities under the Greenhouse Gas Reporting Program (GHGRP) (codified at 40 CFR part 98. Regulated categories and entities include, but are not limited to, those listed in table 1 of this preamble:

TABLE 1—EXAMPLES OF AFFECTED ENTITIES BY CATEGORY

| Category | North American Industry Classification System (NAICS) | Examples of facilities that may be subject to 40 CFR part 98 |
|---|---|---|
| Adipic Acid Production | 325199 | All other basic organic chemical manufacturing: Adipic acid manufacturing. |
| Aluminum Production | 331313 | Primary aluminum production facilities. |
| Ammonia Manufacturing | 325311 | Anhydrous ammonia manufacturing facilities. |
| Calcium Carbide Production | 325180 | Other basic inorganic chemical manufacturing: calcium carbide manufacturing. |
| Carbon Dioxide Enhanced Oil Recovery Projects | 211120 | Oil and gas extraction projects using carbon dioxide enhanced oil recovery. |
| Caprolactam, Glyoxal, and Glyoxylic Acid Production | 325199 | All other basic organic chemical manufacturing. |
| Cement Production | 327310 | Cement manufacturing. |
| Ceramics Manufacturing | 327110 | Pottery, ceramics, and plumbing fixture manufacturing. |
|  | 327120 | Clay building material and refractories manufacturing. |
| Coke Calcining | 299901 | Coke; coke, petroleum; coke, calcined petroleum. |
| Electronics Manufacturing | 334111 | Microcomputers manufacturing facilities. |
|  | 334413 | Semiconductor, photovoltaic (PV) (solid-state) device manufacturing facilities. |
|  | 334419 | Liquid crystal display (LCD) unit screens manufacturing facilities; Microelectromechanical (MEMS) manufacturing facilities. |
| Electrical Equipment Manufacture or Refurbishment | 33531 | Power transmission and distribution switchgear and specialty transformers manufacturing facilities. |
| Electricity generation units that report through 40 CFR part 75. | 221112 | Electric power generation, fossil fuel (*e.g.,* coal, oil, gas). |
| Electrical Equipment Use | 221121 | Electric bulk power transmission and control facilities. |
| Electrical transmission and distribution equipment manufacture or refurbishment. | 33361 | Engine, Turbine, and Power Transmission Equipment Manufacturing. |
| Ferroalloy Production | 331110 | Ferroalloys manufacturing. |
| Fluorinated Greenhouse Gas Production | 325120 | Industrial gases manufacturing facilities. |
| Geologic Sequestration | NA | $CO_2$ geologic sequestration sites. |
| Glass Production | 327211 | Flat glass manufacturing facilities. |
|  | 327213 | Glass container manufacturing facilities. |
|  | 327212 | Other pressed and blown glass and glassware manufacturing facilities. |
| HCFC-22 Production | 325120 | Industrial gas manufacturing: Hydrochlorofluorocarbon (HCFC) gases manufacturing. |
| HFC-23 destruction processes that are not collocated with a HCFC-22 production facility and that destroy more than 2.14 metric tons of HFC-23 per year. | 325120 | Industrial gas manufacturing: Hydrofluorocarbon (HFC) gases manufacturing. |
| Hydrogen Production | 325120 | Hydrogen manufacturing facilities. |
| Industrial Waste Landfill | 562212 | Solid waste landfill. |
| Industrial Wastewater Treatment | 221310 | Water treatment plants. |
| Injection of Carbon Dioxide | 211 | Oil and gas extraction. |
| Iron and Steel Production | 333110 | Integrated iron and steel mills, steel companies, sinter plants, blast furnaces, basic oxygen process furnace (BOPF) shops. |
| Lead Production | 331 | Primary metal manufacturing. |
| Lime Manufacturing | 327410 | Lime production. |
| Magnesium Production | 331410 | Nonferrous metal (except aluminum) smelting and refining: Magnesium refining, primary. |
| Nitric Acid Production | 325311 | Nitrogenous fertilizer manufacturing: Nitric acid manufacturing. |
| Petroleum and Natural Gas Systems | 486210 | Pipeline transportation of natural gas. |
|  | 221210 | Natural gas distribution facilities. |
|  | 211120 | Crude petroleum extraction. |
|  | 211130 | Natural gas extraction. |
| Petrochemical Production | 324110 | Petrochemicals made in petroleum refineries. |
| Petroleum Refineries | 324110 | Petroleum refineries. |
| Phosphoric Acid Production | 325312 | Phosphatic fertilizer manufacturing. |
| Pulp and Paper Manufacturing | 322110 | Pulp mills. |
|  | 322120 | Paper mills. |
|  | 322130 | Paperboard mills. |
| Miscellaneous Uses of Carbonate | | Facilities included elsewhere. |
| Municipal Solid Waste Landfills | 562212 | Solid waste landfills. |
|  | 221320 | Sewage treatment facilities. |
| Silicon Carbide Production | 327910 | Silicon carbide abrasives manufacturing. |
| Soda Ash Production | 325180 | Other basic inorganic chemical manufacturing: Soda ash manufacturing. |

TABLE 1—EXAMPLES OF AFFECTED ENTITIES BY CATEGORY—Continued

| Category | North American Industry Classification System (NAICS) | Examples of facilities that may be subject to 40 CFR part 98 |
|---|---|---|
| Suppliers of Carbon Dioxide | 325120 | Industrial gas manufacturing facilities. |
| Suppliers of Industrial Greenhouse Gases | 325120 | Industrial greenhouse gas manufacturing facilities. |
| Titanium Dioxide Production | 325180 | Other basic inorganic chemical manufacturing: Titanium dioxide manufacturing. |
| Underground Coal Mines | 212115 | Underground coal mining. |
| Zinc Production | 331410 | Nonferrous metal (except aluminum) smelting and refining: Zinc refining, primary. |
| Importers and Exporters of Pre-charged Equipment and Closed-Cell Foams. | 423730 | Air-conditioning equipment (except room units) merchant wholesalers. |
|  | 333415 | Air-conditioning equipment (except motor vehicle) manufacturing. |
|  | 423620 | Air-conditioners, room, merchant wholesalers. |
|  | 449210 | Electronics and Appliance retailers. |
|  | 326150 | Polyurethane foam products manufacturing. |
|  | 335313 | Circuit breakers, power, manufacturing. |
|  | 423610 | Circuit breakers and related equipment merchant wholesalers. |

Table 1 of this preamble is not intended to be exhaustive but rather provides a guide for readers regarding facilities likely to be affected by this action. This table lists the types of facilities that the EPA is now aware could potentially be affected by this action. Other types of facilities than those listed in the table could also be subject to reporting requirements. To determine whether you would be affected by this proposed action, you should carefully examine the applicability criteria found in 40 CFR part 98, subpart A (General Provisions) and the subpart for each source category. Many facilities that are affected by 40 CFR part 98 have greenhouse gas emissions from multiple source categories listed in table 1 of this preamble. If you have questions regarding the applicability of this action to a particular facility, consult the person listed in the **FOR FURTHER INFORMATION CONTACT** section.

*B. Statutory Authority*

EPA is amending the reporting deadlines pursuant to Section 114 of the Clean Air Act (CAA), which also served as the basis of statutory authority for the underlying rule, 42 U.S.C. 7414. As noted in prior rulemakings for this program, EPA has interpreted CAA section 114(a)(1) to authorize reporting requirements related to EPA's CAA programs. Statutory authority for the rulemaking procedures followed in this action is provided by Administrative Procedure Act (APA) section 553(b)(B), based on EPA's finding of good cause to forego notice and comment, 5 U.S.C. 553(b)(B).

**II. Regulatory Revisions**

EPA is amending subpart A (General Provisions) at 40 CFR 98.3(b) to extend the reporting deadline for annual greenhouse gas (GHG) reports for reporting year 2024 from March 31, 2025, to May 30, 2025. This one-time extension of the reporting deadline will ensure that regulated entities have adequate time to interact with the reporting software to prepare and submit the annual GHG reports required under the existing rule. Facilities and suppliers are required to submit each GHG report "electronically in accordance with" specified regulatory requirements and in "a format specified by the Administrator" as stated at 40 CFR 98.5(a). EPA has required electronic reporting and provided an electronic reporting system, the electronic Greenhouse Gas Reporting Tool (hereafter refer to as "e-GGRT"), for facilities and suppliers since 2010 to prepare and submit annual GHG reports.

Historically, EPA has launched the e-GGRT system in mid-February for a given reporting year. As a result, regulated entities have generally had a six-week period to work in the e-GGRT system to prepare and submit their annual GHG reports. As of March 2025, the e-GGRT system has not been launched, and as a result, facilities have not had adequate time to interact with the reporting system to prepare and submit their annual GHG reports for reporting year 2024. For this reason, EPA is extending the GHGRP reporting deadline for annual GHG reports for reporting year 2024 from March 31, 2025, to May 30, 2025.

**III. Rulemaking Procedures and Findings of Good Cause**

EPA finds good cause to forego notice and comment for this action pursuant to APA section 553(b)(B) because notice and comment would be impracticable and contrary to the public interest. EPA is making a one-time, 60-day extension of the reporting deadline for submitting annual GHG reports for reporting year 2024. An immediate extension of the deadline for submitting annual GHG reports under Part 98 is necessary to ensure that regulated entities have sufficient time to interact with the e-GGRT system to prepare and submit accurate annual GHG reports. Given the existing regulatory deadline, it is impracticable for EPA to provide notice and comment on the deadline extension because EPA would not be able to finalize the amendment before the GHG reports for reporting year 2024 are currently due. Additionally, it would be contrary to the public interest to provide notice and comment on the deadline extension because it would likely result in submission of incomplete or inaccurate GHG reports for reporting year 2024 by the existing deadline. Regulated entities still have the option to prepare and submit reports sooner if they prefer that course of action. EPA notes that these revisions do not make any changes to the substance of what regulated entities must report to EPA.

The regulatory revisions made in this action will take effect immediately on March 20, 2025. Under APA section 553(d)(1), a final rule may be made effective on publication when it "grants or recognizes an exemption or relieves a restriction," 5 U.S.C. 553(d)(1). This

action extends the reporting deadline for regulated entities by 60 days so that facilities have sufficient time to enter data into the e-GGRT system. Absent this action, regulated entities would have insufficient time to prepare and submit annual reports in the e-GGRT system, and this action relieves that restriction. Therefore, the normal 30-day minimum period between this action's dates of publication and effectiveness is not required. Moreover, EPA finds good cause to make the rule immediately effective pursuant to APA section 553(d)(3) because the existing reporting deadline is less than 30 days from publication. 5 U.S.C. 553(d)(3). Unless this action is effective before the reporting deadline, the regulatory revisions will not accomplish the objective of ensuring complete and accurate reporting by extending the reporting deadline 60 days to May 30, 2025.

## IV. Statutory and Executive Order Reviews

Additional information about these statutes and Executive Orders can be found at *https://www.epa.gov/laws-regulations/laws-and-executive-orders.*

### A. Executive Order 12866: Regulatory Planning and Review and Executive Order 13563: Improving Regulation and Regulatory Review

This action is not a significant regulatory action and was therefore not submitted to the Office of Management and Budget (OMB) for review.

### B. Executive Order 14192: Unleashing Prosperity Through Deregulation

This action alleviates regulatory burden as described in Executive Order 14192.

### C. Paperwork Reduction Act (PRA)

This action does not impose any new information collection burden under the PRA. OMB has previously approved the information collection requirements contained in the existing regulation and has assigned OMB control number 2060–0629, OMB control number 2060–0748, and OMB control number 2060–0751. This action extends the deadline for submitting annual GHG reports for reporting year 2024 data from March 31, 2025, to May 30, 2025. This rule does not change the requirements for what regulated entities must report.

### D. Regulatory Flexibility Act (RFA)

This action is not subject to the RFA. The RFA applies only to rules subject to notice and comment rulemaking requirements under the Administrative Procedure Act (APA), 5 U.S.C. 553, or any other statute. This rule is not subject to notice and comment requirements because EPA has found good cause to forego notice and comment under 5 U.S.C. 553(b).

### E. Unfunded Mandates Reform Act (UMRA)

This action does not contain an unfunded mandate as described in UMRA, 2 U.S.C. 1531–1538, and does not significantly or uniquely affect small governments. This action imposes no enforceable duty on any state, local, or Tribal governments. Requirements for the private sector do not exceed $100 million in any one year.

### F. Executive Order 13132: Federalism

This action does not have federalism implications. It will not have substantial direct effects on the states, on the relationship between the national government and the states, or on the distribution of power and responsibilities among the various levels of government.

### G. Executive Order 13175: Consultation and Coordination With Indian Tribal Governments

This action does not have Tribal implications as specified in Executive Order 13175. The rule does not result in any changes to the requirements of Part 98 other than extending the reporting deadline for submitting annual GHG reports for reporting year 2024 data until May 30, 2025. Thus, Executive Order 13175 does not apply to this action.

### H. Executive Order 13045: Protection of Children From Environmental Health Risks and Safety Risks

The EPA interprets Executive Order 13045 as applying only to those regulatory actions that concern environmental health or safety risks that the EPA has reason to believe may disproportionately affect children, per the definition of "covered regulatory action" in section 2–202 of the Executive Order. Therefore, this action is not subject to Executive Order 13045 because it does not concern an environmental health risk or safety risk. Since this action does not concern human health, EPA's Policy on Children's Health also does not apply.

### I. Executive Order 13211: Actions That Significantly Affect Energy Supply, Distribution, or Use

This action is not subject to Executive Order 13211 because it is not a significant regulatory action under Executive Order 12866.

### J. National Technology Transfer and Advancement Act (NTTAA)

This rulemaking does not involve technical standards.

### K. Congressional Review Act (CRA)

This action is subject to the CRA, and the EPA will submit a rule report to each House of the Congress and to the Comptroller General of the United States. This action is not a "major rule" as defined by 5 U.S.C. 804(2).

### L. Judicial Review

Under CAA section 307(b)(1), any petition for review of this final rule must be filed in the U.S. Court of Appeals for the District of Columbia Circuit by May 19, 2025. This rulemaking revises the submission deadline for submitting annual GHG reports for reporting year 2024, which applies to owners and operators of facilities and suppliers for all source categories of 40 CFR part 98. These facilities and suppliers are located across the United States and therefore this rulemaking is "nationally applicable" within the meaning of CAA section 307(b)(1). Under CAA section 307(b)(2), the requirements established by this final rule may not be challenged separately in any civil or criminal proceedings brought by the EPA to enforce these requirements.

## List of Subjects in 40 CFR Part 98

Environmental protection, Administrative practice and procedure, Greenhouse gases, Reporting and recordkeeping requirements.

**Lee Zeldin,**
*Administrator.*

For the reasons set forth in the preamble, the Environmental Protection Agency amends title 40, chapter I, of the Code of Federal Regulations as follows:

## PART 98—MANDATORY GREENHOUSE GAS REPORTING

■ 1. The authority citation for part 98 continues to read as follows:

**Authority:** 42 U.S.C. 7401–7671q.

### Subpart A—General Provision

■ 2. Amend § 98.3 by revising and republishing paragraph (b) to read as follows:

### § 98.3 What are the general monitoring, reporting, recordkeeping and verification requirements of this part?

\* \* \* \* \*

(b) *Schedule.* The annual GHG report for reporting year 2010 must be submitted no later than September 30,

2011. The annual report for reporting years 2011 and beyond must be submitted no later than March 31 of each calendar year for GHG emissions in the previous calendar year, except as provided in paragraphs (b)(1) and (b)(5) of this section.

(1) For reporting year 2011, facilities with one or more of the subparts listed in paragraphs (b)(1)(i) through (b)(1)(xi) of this section and suppliers listed in paragraph (b)(1)(xii) of this section are required to submit their annual GHG report no later than September 28, 2012. Facilities and suppliers that are submitting their second annual GHG report in 2012 and that are reporting on one or more subparts listed in paragraphs (b)(1)(i) through (b)(1)(xii) of this section must notify EPA by March 31, 2012, that they are not required to submit their annual GHG report until September 28, 2012.

(i) Electronics Manufacturing (subpart I).

(ii) Fluorinated Gas Production (subpart L).

(iii) Magnesium Production (subpart T).

(iv) Petroleum and Natural Gas Systems (subpart W).

(v) Use of Electric Transmission and Distribution Equipment (subpart DD).

(vi) Underground Coal Mines (subpart FF).

(vii) Industrial Wastewater Treatment (subpart II).

(viii) Geologic Sequestration of Carbon Dioxide (subpart RR).

(ix) Manufacture of Electric Transmission and Distribution (subpart SS).

(x) Industrial Waste Landfills (subpart TT).

(xi) Injection of Carbon Dioxide (subpart UU).

(xii) Imports and Exports of Equipment Pre-charged with Fluorinated GHGs or Containing Fluorinated GHGs in Closed-cell Foams (subpart QQ).

(2) For a new facility or supplier that begins operation on or after January 1, 2010, and becomes subject to the rule in the year that it becomes operational, report emissions starting the first operating month and ending on December 31 of that year. Each subsequent annual report must cover emissions for the calendar year, beginning on January 1 and ending on December 31.

(3) For any facility or supplier that becomes subject to this rule because of a physical or operational change that is made after January 1, 2010, report emissions for the first calendar year in which the change occurs, beginning with the first month of the change and ending on December 31 of that year. For a facility or supplier that becomes subject to this rule solely because of an increase in hours of operation or level of production, the first month of the change is the month in which the increased hours of operation or level of production, if maintained for the remainder of the year, would cause the facility or supplier to exceed the applicable threshold. Each subsequent annual report must cover emissions for the calendar year, beginning on January 1 and ending on December 31.

(4) Unless otherwise stated, if the final day of any time period falls on a weekend or a federal holiday, the time period shall be extended to the next business day.

(5) The annual GHG report for reporting year 2024 must be submitted no later than May 30, 2025.

\* \* \* \* \*

[FR Doc. 2025–04724 Filed 3–19–25; 8:45 am]
**BILLING CODE 6560–50–P**

# ENVIRONMENTAL PROTECTION AGENCY

## 40 CFR Part 180

[EPA–HQ–OPP–2022–0848; FRL–12666–01–OCSPP]

## Potassium Polyaspartate in Pesticide Formulations; Exemption From the Requirement of a Tolerance

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** This regulation establishes an exemption from the requirement of a tolerance for residues of potassium polyaspartate (CASRN 64723–18–8) when used as an inert ingredient (complexing agent), at a maximum of 10% in formulation, pre-harvest. Rosen's Inc., submitted a petition to EPA under the Federal Food, Drug, and Cosmetic Act (FFDCA), requesting an exemption from the requirement of a tolerance. This regulation eliminates the need to establish a maximum permissible level for residues of potassium polyaspartate, when used in accordance with the terms of the exemptions.

**DATES:** This regulation is effective March 20, 2025. Objections and requests for hearings must be received on or before May 19, 2025 and must be filed in accordance with the instructions provided in 40 CFR part 178 (see also Unit I.C. of the **SUPPLEMENTARY INFORMATION**).

**ADDRESSES:** The docket for this action, identified by docket identification (ID) number EPA–HQ–OPP–20220848, is available at *https://www.regulations.gov.* Additional information about dockets generally, along with instructions for visiting the docket in-person, is available at *https://www.epa.gov/dockets.*

**FOR FURTHER INFORMATION CONTACT:** Charles Smith, Registration Division (7505T), Office of Pesticide Programs, Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460–0001; main telephone number: (202) 566–1030; email address: *RDFRNotices@epa.gov.*

**SUPPLEMENTARY INFORMATION:**

## I. Executive Summary

*A. Does this action apply to me?*

You may be potentially affected by this action if you are an agricultural producer, food manufacturer, or pesticide manufacturer. The following list of North American Industrial Classification System (NAICS) codes is not intended to be exhaustive, but rather provides a guide to help readers determine whether this document applies to them. Potentially affected entities may include:
- Crop production (NAICS code 111).
- Animal production (NAICS code 112).
- Food manufacturing (NAICS code 311).
- Pesticide manufacturing (NAICS code 32532).

If you have any questions regarding the applicability of this proposed action to a particular entity, consult the person listed under **FOR FURTHER INFORMATION CONTACT**.

*B. What is EPA's authority for taking this action?*

EPA is issuing this rulemaking under section 408 of the Federal Food, Drug, and Cosmetic Act (FFDCA), 21 U.S.C. 346a. FFDCA section 408(c)(2)(A)(i) allows EPA to establish an exemption from the requirement for a tolerance (the legal limit for a pesticide chemical residue in or on a food) only if EPA determines that the exemption is ''safe.'' FFDCA section 408(c)(2)(A)(ii) defines ''safe'' to mean that ''there is a reasonable certainty that no harm will result from aggregate exposure to the pesticide chemical residue, including all anticipated dietary exposures and all other exposures for which there is reliable information.'' This includes exposure through drinking water and in residential settings but does not include occupational exposure. Pursuant to FFDCA section 408(c)(2)(B), in establishing or maintaining in effect an exemption from the requirement of a